# United States Navy–Marine Corps Court of Criminal Appeals

Before
KISOR, McCOY, and DALY
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Nicholas J. BAUTISTA**
Corporal (E-4), U.S. Marine Corps
*Appellant*

**No. 202300068**

_____

Decided: 25 January 2024

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Cory M. Picton (arraignment)
Andrea C. Goode (motions and trial)

Sentence adjudged 27 October 2022 by a general court-martial convened at Marine Corps Base Hawaii, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 400 days, forfeiture of all pay and allowances, and a bad-conduct discharge.[1]

For Appellant:
*Major Joshua P. Keefe, USMC*

For Appellee:
*Lieutenant Rachel E. Noveroske, JAGC, USN*

---

[1] Appellant was credited with having served 209 days of pretrial confinement.

Judge McCOY delivered the opinion of the Court, in which Senior Judge KI-SOR and Judge DALY joined.

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

McCOY, Judge:

Appellant was convicted, consistent with his pleas, of three specifications of aggravated assault, in violation of Article 128, Uniform Code of Military Justice [UCMJ],[2] two specifications of domestic violence, in violation of Article 128b, UCMJ,[3] one specification of resisting apprehension, in violation of Article 87a, UCMJ,[4] one specification of damaging military property, in violation of Article 108, UCMJ,[5] one specification of disorderly conduct, in violation of Article 134, UCMJ,[6] and one specification of damaging nonmilitary property, in violation of Article 109, UCMJ.[7]

Appellant asserts a sole assignment of error: whether the military judge erred in certifying the Entry of Judgment, which failed to summarize the charges and specifications and incorrectly omitted findings for the sole specification of Charge IV. We find no prejudicial error and affirm the findings and sentence. However, to ensure that Appellant's record of trial is correct and accurately reflects the proceedings, we take action in our decretal paragraph.

_____

[2] 10 U.S.C. § 928.

[3] 10 U.S.C. § 928b.

[4] 10 U.S.C. § 887a.

[5] 10 U.S.C. § 908.

[6] 10 U.S.C. § 934.

[7] 10 U.S.C. § 909.

## I. BACKGROUND

On October 27, 2023, the military judge convicted Appellant consistent with his pleas and in accordance with his plea agreement. The Entry of Judgment contained a summary of each charge and specification.[8] However, the Entry of Judgment omitted the finding for the sole specification of Charge IV, to which Appellant pleaded guilty of violating Article 108, UCMJ. Appellant made no post-trial motion to correct the Entry of Judgment.[9]

## II. DISCUSSION

Whether a record of trial is accurate and complete is a question we review de novo.[10] An appellant is entitled to have the official record accurately reflect what happened in the proceedings.[11] Appellant submits that the military judge erred in certifying the Entry of Judgment, which: (1) failed to summarize the charges and specifications, and (2) incorrectly omitted findings for the sole specification of Charge IV. The Government submits that the military judge properly summarized the charges and specifications but concedes that the military judge erred by omitting a finding for the sole specification of Charge IV.

We find that, contrary to Appellant's contention, the Entry of Judgment correctly summarizes the charges and specifications.[12] However, we agree with Appellant that the military judge's omission of the finding for the sole specification of Charge IV was error.

---

[8] Rule for Courts-Martial [R.C.M.] 1111(b)(1)(A).

[9] R.C.M. 1104(b)(2)(C).

[10] *United States v. Crumpley*, 49 M.J. 538 (N-M. Ct. Crim. App. 1998).

[11] *Id*. at 539.

[12] R.C.M. 1111(b)(1)(A).

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings are correct in law, the sentence is correct in law and fact, and that no error materially prejudicial to Appellant's substantial rights occurred.[13]

However, as the Entry of Judgment does not accurately reflect the disposition of the charges, in accordance with Rule for Courts-Martial 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[13] Articles 59 & 66, UCMJ, 10 U.S.C. §§ 859, 866.

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202300068 |
| v. | **ENTRY**<br>**OF**<br>**JUDGMENT** |
| **Nicholas J. BAUTISTA**<br>**Corporal (E-4)**<br>**U.S. Marine Corps**<br>*Accused* | *As Modified on Appeal*<br><br>**25 January 2024** |

On 27 October 2022, the Accused was tried at Marine Corps Base Hawaii, by general court-martial consisting of a military judge sitting alone. Military Judge Andrea C. Goode presided.

## FINDINGS

The following are the Accused's pleas and the Court's finding to all offenses the convening authority referred to trial:

**Charge I:**   **Violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 1:**   **Aggravated assault with infliction of substantial bodily harm on a spouse on or about 2 April 2022.**

> *Plea:* Withdrawn and Dismissed without prejudice by the convening authority on 24 June 2022.
> *Finding:* Withdrawn and Dismissed without prejudice by the convening authority on 24 June 2022.

**Specification 2:**   **Assault upon a person in the execution of law enforcement duties on or about 2 April 2022.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Charge II:** **Violation of Article 128b, Uniform Code of Military Justice, 10 U.S.C. § 928b.**

> *Plea:* Guilty.
> *Finding:* Guilty.

> **Specification 1:** **Domestic violence on or about 2 April 2022.**
>
>> *Plea:* Guilty.
>> *Finding:* Guilty.

> **Specification 2:** **Domestic violence on or about 2 April 2022.**
>
>> *Plea:* Not Guilty.
>> *Finding:* Dismissed.

**Charge III:** **Violation of Article 87a, Uniform Code of Military Justice, 10 U.S.C. § 887a.**

> *Plea:* Guilty.
> *Finding:* Guilty.

> **Specification:** **Resisting apprehension on or about 2 April 2022.**
>
>> *Plea:* Guilty.
>> *Finding:* Guilty.

**Charge IV:** **Violation of Article 108, Uniform Code of Military Justice, 10 U.S.C. § 908.**

> *Plea:* Guilty.
> *Finding:* Guilty.

> **Specification:** **Damaging military property on or about 2 April 2022.**
>
>> *Plea:* Guilty.
>> *Finding:* Guilty.

**Charge V:** **Violation of Article 117, Uniform Code of Military Justice, 10 U.S.C. § 917.**

> *Plea:* Not Guilty.
> *Finding:* Withdrawn and Dismissed.

> **Specification:** **Provoking speeches or gestures on or about 2 April 2022.**
>
>> *Plea:* Not Guilty.
>> *Finding:* Withdrawn and Dismissed.

**Charge VI:   Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

> *Plea:* Guilty.
>
> *Finding:* Guilty.

**Specification:    Drunk and disorderly conduct on or about 2 April 2022.**

> *Plea:* Guilty.
>
> *Finding:* Guilty.

**Additional Charge I:    Violation of Article 109, Uniform Code of Military Justice, 10 U.S.C. § 909.**

> *Plea:* Guilty.
>
> *Finding:* Guilty.

**Specification:    Damaging nonmilitary property on or about 2 April 2022.**

> *Plea:* Guilty.
>
> *Finding:* Guilty.

**Additional Charge II:    Violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928.**

> *Plea:* Guilty.
>
> *Finding:* Guilty.

**Specification:    Aggravated assault on or about 2 April 2022.**

> *Plea:* Guilty.
>
> *Finding:* Guilty.

## SENTENCE

On 27 October 2022, the military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

**Confinement for a total of 400 days, as follows:**

> *For Specification 2 of Charge I:*
> confinement for 360 days.
>
> *For Specification 1 of Charge II:*
> confinement for 400 days.
>
> *For Specification 2 of Charge II:*
> confinement for 240 days.

*For the Specification of Charge III:*
   confinement for 45 days.

*For the Specification of Charge IV:*
   confinement for 45 days.

*For the Specification of Charge VI:*
   confinement for 45 days.

*For the Specification of Additional Charge I:*
   confinement for 45 days.

*For the Specification of Additional Charge II:*
   confinement for 400 days.

   The terms of confinement will run concurrently.

The Accused has served 209 days of pretrial confinement and shall be credited with 209 days of confinement already served, to be deducted from the adjudged sentence to confinement.

   **Forfeiture of all pay and allowances.**

   **A bad-conduct discharge.**

FOR THE COURT:

MARK K. JAMISON
Clerk of Court